## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTWAN BROWN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 16-4497 (RBK) (KMW) |
| | : | |
| v. | : | |
| | : | |
| WARDEN DAVID OWENS, | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff is a pretrial detainee currently lodged at the Camden County Correctional Facility in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from his allegations concerning the conditions of confinement at the Camden County Correctional Facility. Plaintiff complains that the facility is overcrowded causing three and sometimes four inmates to be housed in one cell. This has caused inmates to sleep on a mattress on the floor next to the toilet which has exposed them to urine and fecal matter. Furthermore, he states that the showers are infested with mold and insects. He names one defendant, the Warden, David Owens. At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit.

At the outset, this Court notes that there is a certified class action before Chief Judge Simandle which challenges the conditions of confinement at the Camden County Correctional Facility. (*See* Civ. No. 05-0063) The certified class in that case is all individuals who have been incarcerated at that facility from January 6, 2005 until that case is terminated. Thus, plaintiff may be a member of that certified class. Nevertheless, this Court notes that Civ. No. 05-0063 does not

appear to involve monetary damages, but this case does. Therefore, this Court finds it appropriate to screen plaintiff's complaint at this time.

As a pretrial detainee, plaintiff's condition of confinement claim is analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir.2008) (explaining that Fourteenth Amendment applies to pretrial detainees conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F.Supp.2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)) (remaining citation omitted).

Upon reviewing the complaint, this Court finds that plaintiff has sufficiently stated a condition of confinement claim. However, the issue then becomes whether he has alleged enough to name the Warden as the proper defendant. As a supervisor, the United States Court of Appeals for the Third Circuit has noted that:

> [f]irst, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). "Failure to" claims –failure to train, failure to discipline, or, as in the case here, failure to supervise – are generally considered a subcategory of policy or practice liability.

*Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds by*, *Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015). In this case, plaintiff alleges that the conditions of confinement were "maintained by the administration as a matter of practice and

policy." Thus, it is on this basis that this Court finds that the Warden is properly named as a defendant in this action.

Accordingly, IT IS   this   29th   day of August, 2016,

ORDERED that the complaint shall be permitted to proceed past screening against defendant David Owens; and it is further

ORDERED that the Clerk shall mail to plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

ORDERED that once the Marshal receives the USM-285 Form from plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by plaintiff, and the Marshal shall serve summons, the complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

ORDERED that defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(e)(1) and 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that if at any time prior to the filing of a notice of appearance by defendant, plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to FED. R. CIV. P.

---

[1] Alternatively, the U.S. Marshal may notify defendant that an action has been commenced and request that the defendant waive personal service of a summons in accordance with FED. R. CIV. P. 4(d).

5(a) and (d), plaintiff shall (1) serve a copy of the application by regular mail upon each party at

his last known address and (2) file a Certificate of Service[2]; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to plaintiff by

regular U.S. mail.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will
automatically be electronically served all documents that are filed in the case.